IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF CRANE SERVICES, INC., *Plaintiff*, | § § § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-03619 |
| BLUE FIN SERVICES, LLC, *Defendant*. | § § § § | |

## ORDER

The Court has before it the Memorandum and Recommendation of the United States Magistrate Judge (Doc. No. 29) and the Objections filed by the Defendant Blue Fin Services, LLC (hereinafter "Blue Fin") (Doc. No. 31) and those filed by Plaintiff Gulf Crane Services, Inc. (hereinafter "Gulf Crane") (Doc. No. 32). The Court will review the Memorandum and Recommendation *de novo*.

### I.

Blue Fin's objections are somewhat evidentiary and/or ministerial in nature in that neither is grounds for not adopting the Memorandum and Recommendation. First, it objects to the statement that it breached "its obligation to procure additional insurance coverage for Gulf Crane." This statement was made in the context of the Plaintiff's argument that Blue Fin was obligated to name Gulf Crane as an additional insured—an obligation which Blue Fin does not deny and which it conceded it did not fulfill. That being said, the Magistrate Judge did not recommend any relief based on this statement, nor is any judgment contemplated on the basis of this statement. This Court, in adopting the Memorandum and Recommendation, is not hereby adopting that statement as a finding (or as a basis for any relief), nor is it holding that it is inaccurate—as that fact, if it is a fact, does not impact this order, and this Court reserves any

ultimate resolution of this concern for later development as this case progresses. The same can be said for Blue Fin's other objection to the Memorandum's characterization of its $500,000 offer to Gulf Crane, Gulf Crane's rejection of same, and the timing of both vis-à-vis the underlying settlement. These "facts" are immaterial to this order. Again, they have no impact on any issue currently before this Court and, given the interlocutory status of this case, can be resolved at a later point.

## II.

Gulf Crane's objections are more substantive and are directed at the ultimate issues decided by the Memorandum. Its primary objection is that the Memorandum finds that Texas law applies to this incident instead of maritime law. It also objects to the failure of the Magistrate Judge to grant a summary judgment on Blue Fin's failure to "procure insurance for Gulf Crane."

The Court takes the latter objection first. Gulf Crane says it has proven $106,251.19 damages in defense costs and "a significant amount of damages in settling the *Mata* lawsuit" and that these damages total less than the $6,000,000 limit of the coverage obtained by Blue Fin. This may all be true. The Magistrate Judge did not grant the judgment—not because of the lack of damages, but because no party provided her with competent summary judgment evidence showing what was left on the $6,000,000 policy, nor did any party prove with specificity the totality of damages that might be due under the breach of contract theory. This omission will no doubt easily be cured by a later motion. (The Court notes that Plaintiff's Motion for Summary Judgment requests a full summary judgment and not a partial one, so the Court did not award a partial summary judgment on liability.)

With regard to the more substantive objection (which controls whether there is a limitation on indemnity as contemplated under Texas law or unlimited indemnity as would be the

case under maritime law), Gulf Crane complains first that the Magistrate Judge should not have used the *Doiron* test to resolve the issue. *See In re Larry Doiron, Inc.*, 879 F.3d 568 (5th Cir. 2018). Second, it complains that even if one reaches the conclusion that the *Doiron* test controls, the Memorandum wrongly applied the test. This Court overrules both objections.

First, Fifth Circuit authority subsequent to *Doiron* makes it clear that the *Doiron* test controls here. In *In re Crescent Energy Services, LLC*, 896 F.3d 350 (5th Cir. 2018), Judge Southwick, the author of the original panel decision in *Doiron*, writing for the *Crescent* panel, had to decide a similar issue: whether a contract was a maritime contract. If it was, just as argued here, no state law indemnity limitations applied. (In *Crescent* it was Louisiana law at issue.) To reach that decision, the Fifth Circuit used its recently-decided decision in *Doiron*. It started by describing the pre-*Doiron* state of the law by quoting an academic analysis:

> Professor Robertson described the purposes of *Davis* in a more limited way than would this court, but it is the purpose relevant to this case:
>
>> The OCS [Outer Continental Shelf] oil patch is latticed with contracts and subcontracts. Litigation arising from injuries to OCS workers ordinarily entails claims for contractual indemnity among the putative tortfeasors. Whether a contract calling for indemnity is maritime or not is a recurrently dispositive question. "[I]f the contract is a maritime contract, federal maritime law applies of its own force, and state law does not apply." If the contract calling for indemnity is not a maritime contract, the governing law will be adjacent-state law made surrogate federal law by OCSLA § 1333(a)(2)(A). Very often the applicable adjacent-state law will be that of Texas or Louisiana.
>>
>> Both Texas and Louisiana have anti-indemnity statutes that will invalidate most indemnity contracts. Federal maritime law, on the other hand, shows no hostility to indemnity agreements[.]
>
> ...
>
>> The Fifth Circuit regularly complains about how difficult it is to tell whether an OCS indemnity contract is maritime. In *Davis & Sons, Inc. v. Gulf Oil Corp.* Judge Rubin made a heroic effort to synthesize the circuit's jurisprudence into something that made sense ....

3

*Id.* at 542–43 (footnotes omitted). The good professor concluded that despite being heroic, the effort in *Davis* failed. **The en banc court in *Doiron*, after 25-plus years of applying *Davis*, at least agreed that a change was due.**

This reference to a scholarly effort to organize the caselaw is to show that *Davis* previously **and *Doiron* now are performing the task of determining how to classify contracts. That classification has often been employed to determine whether indemnity provisions are enforceable but is not so limited.** Our analysis in the past under *Davis* was consistent with the caselaw cited to us by Crescent's insurers. Consistent now is our application of *Doiron*.

**Finally, regardless of what other Fifth Circuit caselaw there may be, nothing in such caselaw detracts from the clarity of our 2018 en banc decision in *Doiron*.** We are here classifying a contract for a certain purpose, a judicial activity that has been done consistently with the 1969 *Rodrigue* decision at least since our 1990 *Davis* decision. **We en banc eliminated most of the factors, narrowing our focus, but we did not fundamentally change the task. *Doiron* is the law we must apply.**

*Crescent*, 896 F.3d at 358–59 (emphasis added).

Consequently, while Gulf Crane chooses to assume the contract is automatically maritime, that assumption is not consistent with *Doiron*.[1] This Court must follow the dictates of the Fifth Circuit.

Second, with regard to the Memorandum's application, the *Doiron* case creates a two part test: 1) was the contract to provide services to facilitate the drilling or production of oil and gas on navigable waters; and 2) if the answer to question one is "yes," does the contract provide or do the parties expect that a vessel will play a substantial role in fulfilling the contract? The Memorandum does not break its discussion down into a separate analysis, but rather concluded (viewing the summary judgment record in the most favorable light to the non-movant as courts must) that the contract was non-maritime.

---

[1] The presence of a choice of law provision choosing maritime law does not decide this issue, as case after case holds that the parties' contractual choice of law does not override congressional intent as expressed in the Outer Continental Shelf Lands Act (OCSLA). *See In re Deepwater Horizon*, 745 F.3d 157, 165 n.7 (5th Cir. 2014); *Alleman v. Omni Energy Servs. Corp.*, 580 F.3d 280, 283 n.2 (5th Cir. 2009).

This Court adopts that recommendation and will emphasize only the second *Doiron* question because Gulf Crane argues that since Mata (the injured individual in the underlying case) was transported to and from the platform in question on a vessel and was actually injured during one of those transfers from the platform to the vessel, the vessel must obviously play a substantial role. This is not the test as described in either *Doiron* or *Crescent*. The test as emphasized in *Crescent* is: do the parties expect or does the contract provide that a vessel will play a substantial role *in the completion of the contract*? *Doiron* emphasized not only the amount of work that was performed on the vessel but also the relative importance and value of the vessel-based work to completing the contract. 879 F.3d at 576, n.47. This record does not support a ruling as a matter of law that the contract was maritime.

### III.

This record (especially given the fact that it must be interpreted in favor of the non-movant) does not support a summary judgment for Plaintiff on any of these points.

The Memorandum and Recommendation is adopted except as noted. The objections by both sides are overruled. (Doc. Nos. 31, 32). Plaintiff's Motion for Summary Judgment (Doc. No. 16) is denied.

SIGNED at Houston, Texas this 1st day of April, 2019.

Andrew S. Hanen
United States District Judge